ACCEPTED
04-14-00824-cv
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
1/8/2015 11:31:21 PM
KEITH HOTTLE
CLERK

TEXAS COURT OF APPEALS
For the 4TH DISTRICT

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

01/8/2015 11:31:21 PM

KEITH E. HOTTLE
Clerk

COURT OF APPEALS NOS.:  04-14-00824-CV
04-15-00006-CV
TRIAL COURT NO.: CV-13-356

ROBERT TYSON,
CARL AND KATHY TAYLOR,
LINDA AND RON TETRICK,
JIM AND NANCY WESCOTT, and
PAUL AND RUTHE NILSON,

      Plaintiffs/Appellants,

     -against-

ROBERT N. FREEMAN II,
DEMAR BOREN
And LORENA YEATES, Husband and
Wife,
      Defendants/Appellees.

**PLAINTIFFS' MOTION TO CONSOLIDATE  AND
FOR EXTENSION OF TIME TO FILE BRIEF**

TO THE HONORABLE JUSTICES OF SAID COURT:

1.      Plaintiffs/Appellants seek consolidation of the above two Court of

Appeals causes.  The Notice of Appeal filed by Plaintiffs/Appellants on

November 14, 2014 sought to appeal the rulings by Hon. Rex Emerson in which he granted summary judgment to all individual defendants, and then simultaneously granted severance to them, and denied Plaintiffs' motion for re-hearing. This case is pending in the 198th District Court, Bandera County, Texas under the above state case number with the sole remaining defendant being Medina Livestock Sales Company, LTD.

2. Subsequent to hearing defendants' motions for severance and Plaintiff's motion for rehearing which were heard on September 26th, Honorable Rex Emerson signed Orders Granting severance of all of the above individual defendants based upon a review of previous Orders of August 29th in which he granted Summary Judgment to all the individual defendants and excluded Plaintiffs' Summary Judgment evidence. Judge Emerson also on September 26th, 2014 denied Plaintiffs' motion for rehearing.

3. These issues are before this Court on appeal, and are all based upon common questions of fact and each severed cause arises from the same set of circumstances.

4. The action below was brought by former life-time leaseholders (veterans on fixed incomes and some disabled) in a senior citizen residential "retreat" where they purchased leases on small parcels of land with frozen maintenance fees for their lifetimes. The Plaintiffs/Appellants then were able to put park models upon the premises, construct decks, additions, covered parking areas, and do landscaping thinking they had a home for the rest of their lives that they could afford. The leases were conveyed to them by management (Demar

Boren and Lorena Yeates) of a partnership in which Robert Freeman II was principal. Plaintiffs knew Mr. Freeman as the "owner" of the retreat and as a real estate attorney. After the retreat premises was sold in 2008, the new owners went into Bankruptcy Court for the purpose of declaring the lifetime leases null and void.

5. In July 2013 the Bankruptcy Judge held that the leases were illegal under Texas case law as lifetime leases, and were actually tenancies at will which could be terminated by the Debtor. The Debtor's counsel then notified Plaintiffs that their leases were terminated.

6. Plaintiffs brought suit in the Bandera County District Court, 198th District, against the above named individuals and the partnership which owned the premises for Violation of the DTPA, Common Law Fraud, Statutory Fraud, Fraudulent Inducement, Negligent Misrepresentation, Negligence and Gross Negligence.

7. All individual defendants below were released from suit on Summary Judgment, Plaintiffs' Summary Judgment evidence was improperly excluded, and Plaintiffs' motion for re-hearing was denied while defendants' motions for severance were granted.

8. It would be a great financial hardship for Plaintiffs to have separate appeals as well as a redundancy of facts and circumstances and an ineffective use of the Court's time. The appeal is being handled on a pro bono basis- and the Plaintiffs seek the Court's consideration of all issues involving Judge Emerson's rulings under one appeal. Since the facts relating to the rulings are

3

interwoven, there would be no prejudice to Defendants/Appellees in not having separate appeals.

9.     The transcript for the motion for re-hearing is not yet available.  A briefing schedule for Plaintiffs/Appellants was issued.  The transcript is necessary in order to properly substantiate and reference the brief.  Plaintiffs/Appellants request an extension of time in order to first obtain the transcript before a brief is due to be rendered.

Respectfully Submitted,

/S/ Carole K.Boyd

CAROLE K.  BOYD
Attorney for Plaintiffs/Appellants
15751 Highway 16 North
Medina, Texas 78055
(830) 589-7587
Fax:  (830) 589-7598
E-mail:  ckbesq@hctc.net
SBN: 00786793

CERTIFICATE OF SERVICE

I certify that on the 9th[th] day of January, 2015, I served a true and correct copy of this pleading upon opposing counsel as follows:

C. Dixon Mosty
By Fax:  (830) 792-7717/ electronic filing

Stephen Schulte
By Fax:  (830) 715-9292

/S/  CAROLE K. BOYD